■   In the Matter of the Accounting of ALICE A. McVEIGH and Another, as Executors of CHARLES S. McVEIGH, Deceased Trustee, and Others, under Deed of Trust Made by WILLIAM A. CHANLER, Respondents. SIDNEY A.

930

CHANLER et al., Appellants; HARRY GROSSMAN, Guardian ad Litem, et al., Respondents.— Order, Supreme Court, New York County, entered on May 25, 1972, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of reducing the allowances to the attorneys for the trustees to $35,000 and to the Referee to $22,500, both payable out of principal, awarding interest on the surcharge of $5,950.61 from February 4, 1957, disallowing income commissions for years not taken and otherwise affirmed. Appellants shall recover of petitioners-respondents $60 costs and disbursements of this appeal. The allowances awarded are not justified by the record nor by the inadequate time records of the Referee and attorneys for the trustees. The order below appears to have selected an arbitrary date for the commencement of the interest payment on sums totalling $5,950.61. Any uncertainty as to the payment date of the items surcharged is resolved by appellants' offer to accept February 4, 1957 as the date from which interest is to be computed. The offer, which is based on the date on which the last payment was made, is a reasonable one and is adopted. The attorneys for the trustees had the use of the excessive payments from at least that date. The appellants objected in the court below to the practice of the trustees with regard to the so-called income reserves. The court erred in disregarding such objections. The trustees have conceded that the amounts of such income reserves were not taxed on the annual fiduciary income tax returns of the trust. This resulted in such reserves being included in the distributable net income of the individual beneficiaries and taxable to them. The result of the procedure adopted by the trustees was added taxation for the income beneficiaries. The trustees could have retained the amount of the commissions, but chose not to do so. Settle order on notice. Concur — Markewich, J. P., Kupferman, Lane, Steuer and Capozzoli, JJ.